IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FREDERICK AVERY,

    Petitioner,

v.                                             No. 1:14-cv-01276-JDB-egb

JAMES M. HOLLOWAY,

    Respondent.

ORDER TO MODIFY THE DOCKET AND
TRANSFERRING PETITION PURSUANT TO 28 U.S.C. § 1406(a)

On October 10, 2014, Petitioner, Frederick Avery, Tennessee Department of Correction prisoner number 225104, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Pet., ECF No. 1.)[1] In response to the Court's order (Order, ECF No. 2), Avery filed a motion seeking leave to proceed *in forma pauperis* on December 19, 2014 (Appl. to Proceed in District Court Without Prepaying Fees or Costs (Short Form), ECF No. 7). In an order issued on December 23, 2014, the Court granted leave to proceed *in forma pauperis*. (Order, ECF No. 8.) The Clerk shall record the respondent as WTSP Warden James M. Holloway.[2]

---

[1] The Clerk has docketed this matter as arising under 28 U.S.C. § 2254, which is used by state inmates to raise constitutional challenges to their convictions and sentences. This matter arises under 28 U.S.C. § 2241(c)(3), which authorizes federal courts to issue writs of habeas corpus on behalf of prisoners who are in custody in violation of the Constitution or laws or treaties of the United States. The Clerk is DIRECTED to modify the docket to reflect that this is a § 2241 petition.

[2] The Clerk is DIRECTED to terminate former WTSP Warden Brenda Jones as a party to this action. *See* Fed. R. Civ. P. 25(d).

The proper venue for a § 2241 petition is the judicial district where the prisoner is confined or his custodian is located. *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 495-96 (1973); *Welch v. United States*, No. 14-1296-JDT-egb, 2015 WL 73588, at *4 (W.D. Tenn. Jan. 6, 2015). The WTSP is located in Lauderdale County, which is in the Western Division of this district. 28 U.S.C. § 123(c)(2).

Twenty-eight U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." It is in the interest of justice to transfer the Petition to the Western Division, where venue is proper. It is hereby ORDERED, pursuant to § 1406(a), that this case is TRANSFERRED, forthwith, to the Western Division of this district. The Clerk is DIRECTED to reassign the case to a judge sitting in that Division.

IT IS SO ORDERED this 12th day of January 2015.

    s/ J. DANIEL BREEN
    CHIEF UNITED STATES DISTRICT JUDGE